UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES R. STANFORD,

                    Petitioner,     **No: 1:12-CV-00476-MAT**
        -vs-                        **DECISION AND ORDER**

MARK BRADT,

                    Respondent.
_____

## I.   Introduction

James R. Stanford ("Petitioner") has filed a petition for a writ of habeas corpus application pursuant to 28 U.S.C. § 2254, alleging that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner's state custody arises from a judgment of conviction entered against him on September 26, 2007, following a jury trial in Monroe County Court of New York State, on one count of Manslaughter in the First Degree (N.Y. Penal Law § 125.20(1)).

## II.   Factual Background

On November 7, 2006, in the City of Rochester, Petitioner met Barbara Thomas ("Thomas"), and the two smoked crack-cocaine behind a church. Thomas accompanied Petitioner back to his apartment where they smoked two additional bags of crack-cocaine. Petitioner requested that Thomas engage in sexual relations with him, but she refused. Petitioner then heard a loud bang on the door. As he walked to the door to see who was there, he pulled a folding knife from his pocket and opened it. Finding nothing outside the door, he

returned to the bedroom with the knife in hand. According to Petitioner, Thomas grabbed him, and he then stabbed her in the chest area with a folding knife in order to free himself.

Petitioner pushed Thomas to the ground, and as he ran to the door, he heard the sound of breaking glass in the bedroom. Upon leaving the house, he saw a man standing outside on the sidewalk. Petitioner, who still had the knife in his hand, climbed over a fence, ran to a payphone, and called 911. He reached Officer Brian Costello and explained that he had been "partying" with a woman at a house on Remington Street. Petitioner "felt that she was going to set him up to get robbed by her boyfriend, at which point he said he had to get out of the location[.]" Petitioner told the officer that he "possibly hurt her when he left the location."

When Officer Costello arrived at Petitioner's location, he placed him the back of his patrol car and took him to Remington Street where they found Thomas, who had sustained a number of stab wounds, lying on a nearby porch. There was a pool of blood in the driveway, and a trail of blood leading to a broken window at 343 Remington Street.

The autopsy revealed that Thomas had suffered four stab wounds to the left side of the neck, chin and jaw region, as well as superficial sharp force injuries to her left cheek and to the palm of her right hand. The direction of all the wounds was from the front of the body to the back. The lowest wound also went upward,

towards the head, as did the stab wound to the upper neck. One of the wounds severed the carotid artery and the left jugular vein, causing Thomas's death.

The jury acquitted petitioner of second degree murder and found him guilty of first degree manslaughter. On September 26, 2007, Petitioner was sentenced, as a second violent felony offender, to a determinate term of 20 years imprisonment, plus five years of post-release supervision.

Represented by counsel, Petitioner appealed to the Appellate Division, Fourth Department, of New York State Supreme Court and argued that (1) the trial court erred in failing to instruct the jurors that they could consider the charge of second degree manslaughter; (2) the trial court erred in failing to deliver a justification charge; (3) the trial court erred in failing to give a circumstantial evidence charge; and (4) the sentence was harsh and excessive.

By Decision and Order dated September 30, 2011, the Appellate Division unanimously affirmed the judgment of conviction. People v. Stanford, 87 A.D.3d 1367 (4th Dep't 2011). Petitioner sought leave to appeal to appeal to the New York State Court of Appeals. On January 31, 2012, a judge of the New York Court of Appeals denied leave. People v. Stanford, 18 N.Y.3d 886 (2012).

Proceeding pro se, Petitioner filed the instant habeas petition, claiming that (1) the trial court erred in failing to

charge the lesser included offense of Manslaughter in the Second Degree; (2) the trial court erred in failing to charge the jury on the law of justification; (3) the prosecutor committed misconduct during summation; and (4) the sentence was harsh and excessive.

Respondent answered the petition, acknowledging that it is timely but arguing that all of the claims are unexhausted and procedurally barred and are, in any event, without merit or non-cognizable. Petitioner has not filed a reply.

This matter has been transferred to the undersigned for disposition. For the reasons set forth below, Petitioner's request for a writ of habeas corpus is denied, and the petition is dismissed.

### III. Exhaustion of State Remedies

#### A.    General Legal Principles

A habeas petitioner generally must exhaust all state-provided remedies before seeking review in federal district court. See 28 U.S.C. § 2254(a); O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999). The exhaustion requirement means that a petitioner must fairly present to the state court the same federal constitutional claim that he wishes to raise in federal court.

The Second Circuit has explained that "[a] defendant may . . . fairly present the substance of a federal constitutional claim to the state court without citing '"book and verse on the federal constitution."'" Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 192

(2d Cir. 1982) (en banc) (quoting Picard v. Connor, 404 U.S. 270, 278 (1971) (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). Essentially, the habeas petitioner must ensure that in state court "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." Id. This may be accomplished by "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Id. at 194. In addition to fairly presenting the claim in constitutional terms, the habeas petitioner must have pursued review of the claim by the highest state court from which appellate review may be obtained. O'Sullivan, 526 U.S. at 845-48.

## B.   Analysis

Respondent asserts that Petitioner has failed to exhaust all four of his claims. In his Appellate Division brief, Petitioner argued that (1) the trial court erred in failing to instruct the jurors that they could consider the charge of second degree manslaughter; (2) the trial court erred in failing to issue a justification (self-defense) charge; and (3) the sentence was harsh and excessive. However, Respondent argues, Petitioner failed to

raise any of these claims in constitutional terms. Furthermore, Petitioner did not raise his prosecutorial misconduct claim on direct appeal or in a collateral proceeding in state court.

### 1.   Failure to Charge a Lesser Included Offense

With regard to the failure to charge the lesser included offense of second degree manslaughter, appellate counsel argued simply that the trial court erroneously failed to submit a charge on that offense to the jury. Appellate counsel only cited state court cases that did not engage in any constitutional analysis but instead relied on provisions of New York's Criminal Procedure Law. The Court agrees with Respondent that this claim was not fairly presented for exhaustion purposes.

In the context of the habeas exhaustion requirement, a federal court "need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263 n. 9 (1989); see also Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey, 933 F.2d at 120.

As the "lesser included offense" claim concerns a ruling by the trial court, it clearly is record-based and could have been raised on direct appeal. For this reason, Petitioner is now barred from raising it in a collateral motion to vacate the judgment in

state court. <u>See</u> N.Y. CRIM. PROC. LAW § 440.10(2)(c) (mandating that the trial court "must" deny any issue raised in a C.P.L. § 440.10 motion where the defendant unjustifiably failed to argue such violation on direct appeal despite a sufficient record to do so); <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir. 2001) ("New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal.") (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c)). Petitioner cannot pursue a second direct appeal, for under New York State law, a criminal defendant is only entitled to one appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals. <u>See</u> N.Y. CT. RULE 500.20(a)(2) (providing that application for leave to appeal to the New York Court of Appeals in a criminal case pursuant to C.P.L. § 460.20 must include statement that "no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available"); N.Y. CRIM. PROC. LAW § 450.10(1); <u>see also</u> N.Y. CT. RULES 500.20(d).

As Petitioner has no further recourse in state court, this unexhausted claim should be deemed exhausted. <u>See</u>, <u>e.g.</u>, <u>Reyes v. Keane</u>, 118 F.3d 136, 139 (2d Cir. 1997) ("Reyes's claim should be deemed exhausted because any attempt at exhaustion in the face of this procedural default would be futile."). The foregoing procedural bar to presentment in state court, which causes the

Court to deem the claim exhausted, also renders it procedurally defaulted. Id. ("Although Petitioner's claim of ineffective assistance is deemed exhausted, we nonetheless find that, by defaulting on that claim in state court, Reyes forfeits that claim on federal habeas review, even though the claim is brought as cause for another procedural default.") (citing Gray v. Netherland, 518 U.S. 152, 162 (1996)).

To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Gray, 518 U.S. at 162 (citations omitted). Petitioner has failed to address Respondent's arguments concerning the non-exhaustion defense. He has made no attempt to proffer any explanation for his failure to fully pursue his state court remedies. Finding no basis on the record before this Court to excuse the procedural default, the unexhausted claim is dismissed as procedurally barred.

## 2. Failure to Instruct Jury on Justification

With regard to the trial court's failure to instruct the jury on self-defense, appellate counsel argued that it was "reversible error" and did not cite any constitutional provisions. However, he did cite state law cases, e.g., People v. McManus, 67 N.Y.2d 541 (1986), that engaged in constitutional analysis in like factual

situations. See McManus, 67 N.Y.2d at 543 (appellate argued that he was denied due process of law and a fair trial by the trial court's refusal to instruct the jury that justification was a defense to reckless murder). Furthermore, the legal standards for Petitioner's federal claim that the denial of the jury charge denied him due process and his state law claim that the trial court erred in declining to issue the charge were similar enough that the federal claim was necessarily presented to the state court. See Jackson v. Edwards, 404 F.3d 612, 621 (2d Cir. 2005) ("Jackson did not explicitly have to tell the state court that he was presenting a federal due process claim because, by raising his state law claim [regarding the denial of a justification charge], he necessarily gave the Appellate Division a fair 'opportunity to pass upon and correct alleged violations of [his] federal rights.'") (quotation omitted). Accordingly, the Court finds that Petitioner sufficiently alerted the Appellate Division to the federal constitutional nature of this claim for purposes of satisfying the exhaustion requirement.

### 3.   Harsh and Excessive Sentence

With respect to his claim that his sentence was unduly harsh and excessive, Petitioner's appellate brief presented it in terms of state law, invoking the power of the intermediate appellate courts in New York to reduce sentences in the interest of justice under C.P.L. § 470.15(6)(b). "However, requesting that a state

-9-

court invoke its discretionary authority to reduce a sentence under
C.P.L. § 470.15(6)(b), without more, is not enough to alert the
court that the claim is of a federal constitutional dimension."
Hernandez v. Conway, 485 F. Supp.2d 266, 277 (W.D.N.Y. 2007)
(citing King v. Cunningham, 442 F. Supp.2d 171, 181 (S.D.N.Y. 2006)
(holding that petitioner's "excessive sentence" claim was
unexhausted because it was only presented to the state court on
appeal as a request for a reduction in the sentence in the interest
of justice under state statutory law, C.P.L. § 470.15(6)(b))
(citations omitted)). The Court agrees that Petitioner's harsh and
excessive sentence claim was not fairly presented to the state
courts.

Indeed, the "harsh and excessive sentence" claim arguably
cannot be presented in federal constitutional terms. Federal courts
have consistently dismissed habeas claims premised on an assertion
that the trial court abused its discretion in sentencing. E.g.,
Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir.1977) (citing
Townsend v. Burke, 334 U.S. 736, 741 (1948)); see also Bellavia v.
Fogg, 613 F.2d 369, 373 (2d Cir. 1979). Petitioner's term of
imprisonment and term of post-release supervision were within the
range permitted by statute and thus were not illegal. "No federal
constitutional issue is presented where, as here, the sentence is
within the range prescribed by state law." White v. Keane, 969 F.2d
1381, 1382 (2d Cir. 1992) (per curiam) (citation omitted).

### 4.   Prosecutorial Misconduct

As Respondent argues, Petitioner's claim that the prosecutor committed misconduct has never been presented to any state court. Thus, it is unexhausted. As with the claim regarding the failure to charge a lesser included offense, Petitioner is precluded from returning to the state court to exhaust this record-based claim. See N.Y. CRIM. PROC. LAW § 440.10(2)(c); N.Y. CT. RULES § 500.20(a)(2). Because Petitioner no longer has any state remedies available, this Court deems his unexhausted claim of prosecutorial misconduct exhausted. See Gray v. Netherland, 518 U.S. at 161–62; see also Aparicio, 269 F.3d at 90. Under such circumstances, the claim is also considered procedurally defaulted. As Petitioner has not submitted any evidence demonstrating cause or prejudice, or that a fundamental miscarriage of justice would occur if this Court fails to consider the claim, there is no basis to excuse the procedural default. The prosecutorial claim accordingly is dismissed without reaching the merits.

## IV. Merits of Petitioner's Exhausted Claim

### A.   Overview

Petitioner's sole exhausted claim, as discussed above, is his contention that the trial court failed to instruct the jury on the defense of justification. The Appellate Division held that

> [t]he [trial] court . . . properly denied defendant's request for a jury charge on the justifiable use of deadly physical force to prevent or terminate a burglary. Viewing the evidence in the light most favorable to

-11-

> defendant, we conclude that there was no reasonable view
> of the evidence that would permit a jury to conclude that
> defendant reasonably believed that deadly physical force
> was necessary to prevent or terminate a burglary.

People v. Stanford, 87 A.D.3d at 1368-69 (internal citations omitted). The holding quoted above constitutes an adjudication on the merits, and this Court may only issue habeas relief if the Appellate Division unreasonably applied clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1).

The Second Circuit has outlined a three-step analysis for reviewing a habeas petitioner's challenge to a jury instruction: (1) whether the trial court's instruction was erroneous under state law; (2) whether the failure to give the proper instruction resulted in a denial of due process; and (3) whether the erroneous instruction constituted an unreasonable application of Supreme Court law. Jackson v. Edwards, 404 F.3d at 621.

### 1.   Was the Trial Court's Failure To Instruct Erroneous Under State Law?

In determining whether a justification charge is warranted, the trial court must evaluate the proof in the light most favorable to the defendant. Blazic v. Henderson, 900 F.2d 534, 540 (2d Cir. 1990); accord Jackson, 404 F.3d at 622. "[I]f any reasonable view of the evidence would permit the fact-finder to decide that the conduct of the accused was justified, an instruction on the defense should be given." People v. McManus, 67 N.Y.2d at 549 (citation omitted). However, "[the trial] court is not required to adopt an

artificial or irrational view of the evidence in deciding whether a justification charge is warranted." Blazic, 900 F.2d at 540 (citing People v. Butts, 72 N.Y.2d 746, 750 (1988)). "[D]ue process does not require the giving of a jury instruction when such charge is not supported by the evidence." 900 F.2d at 541 (citing Hopper v. Evans, 456 U.S. 605, 611 (1982)).

At trial, defense counsel argued that a justification charge was warranted on the basis that Petitioner utilized deadly force to prevent a burglary. See N.Y. PENAL LAW § 35.20(3). Section 35.20(3) provides that

> a person in possession or control of a dwelling who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling, may use deadly physical force upon such other person when he or she reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary.

N.Y. PENAL LAW § 35.20(3). It is undisputed that Petitioner was in his apartment at the time of the stabbing. Thus, for the defense to apply, there must have been evidence that reasonably could be viewed as establishing the following elements: (1) Petitioner reasonably believed that Thomas, the "other person" against whom he used deadly physical force, was committing or attempting to commit a burglary; and (2) Petitioner reasonably believed that deadly force was necessary to stop Thomas's in-progress burglary or attempt to commit a burglary.

The proof at trial, even when viewed in the light most favorable to Petitioner, makes both of these conclusions unreasonable. First, Thomas could not have been committing or attempting to commit a burglary because she was Petitioner's invited guest, and burglary in any degree requires that the perpetrator unlawfully have entered or remained behind in the building. See N.Y. PENAL LAW § 140. Because Petitioner invited Thomas back to his apartment, she necessarily "lawfully entered" his dwelling. And, Thomas could not be said to have unlawfully remained since there is no evidence that Petitioner requested her to leave or otherwise revoked her license to be in the apartment.

The fact that Petitioner testified that he heard a knock on the door does not alter the analysis. No evidence beyond Petitioner's speculation connected Thomas to the knock on the door, and no evidence connected the knock to any burglary attempt.

Turning to the second element that must be proven under Section 35.20(3), Petitioner must show that it was reasonable for him to believe that deadly physical force was necessary to stop Thomas. Even when viewed in the light most favorable to the defense, the facts here do not permit such a conclusion to have been reasonably made. During the incident, Thomas undisputably was not armed, and Petitioner was holding his knife. As Petitioner testified, Thomas "was holding [him] around [his] chest, kind of like a bear hug". Petitioner surmised that Thomas may have grabbed

-14-

onto him because "she was scared, too." Even accepting Petitioner's account at face value, Thomas was not engaging in any conduct that made it necessary for Petitioner to respond with deadly physical force. Cf. People v. Savage, 267 A.D.2d 968, 969 (4th Dep't 1999) ("Even assuming that the victim was committing a burglary by attempting to assault defendant after being told to leave defendant's apartment, we conclude that there is no reasonable view of the evidence that would permit the jury to find that defendant's use of deadly physical force was justified. The victim neither used nor threatened the use of deadly physical force . . . .").

In sum, no reasonable view of the evidence supported a justification charge. Because the state court's refusal to give the requested instruction was clearly correct as a matter of state law, the Court need not proceed to consider the remaining two prongs of the Jackson v. Edwards inquiry (i.e., whether the failure to give the instruction resulted in a denial of due process, and whether that failure constituted an unreasonable application of Supreme Court law). Petitioner's contention that the trial court's denial of his request for a justification charge violated his rights to a fair trial and to present a defense is without merit. See, e.g., Hubrecht v. Artus, 457 F. App'x 29, 31, 2012 WL 147888, at **2 (2d Cir. Jan. 19, 2012) (unpublished opn.).

-15-

**V.    Conclusion**

For the foregoing reasons, Petitioner's request for a writ of habeas corpus is denied; and the petition (Dkt #1) is dismissed with prejudice. Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:    September 19, 2013
          Rochester, New York